**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



| | | |
|---|---|---|
| **AMY LOWERY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-2928** |
| | § | |
| **WILLIS TOWERS WATSON US LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Willis Towers Watson US LLC (**"Defendant"**) hereby gives notice that it is removing this civil action from Harris County District Court to the United States District Court for the Southern District of Texas, Houston Division. The removal of this action is based on the existence of based on federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction as set forth below:

**I.
INTRODUCTION**

1.      On or about June 12, 2023, Plaintiff Amy Lowery ("Plaintiff") initiated this action, captioned *Amy Lowery v. Willis Towers Watson US LLC,* in the 80th Judicial District Court, Harris County, Texas by filing Plaintiff's Original Petition ("Original Petition"). The District Court designated Plaintiff's action as Cause No. 2023-36222. *See generally,* Plaintiff's Petition, attached hereto as **Exhibit C-1.**

2.      In the Petition, Plaintiff alleges that Defendant, her former employer, discriminated against her due to her alleged disability and retaliated against her for taking time off for her treatment. *See generally id* at Sec. IV.

1

3.      On or about July 7, 2023, Plaintiff purported to serve Defendant via certified mail return receipt requested. On July 11, 2023, Defendant received Plaintiff's Original Petition by certified mail through Defendant's registered agent for service of process.  *See* Affidavit of Service, attached hereto as **Exhibit C-3.**

4.      A certified copy of the state court docket is attached as **Exhibit B**. Certified copies of each document filed in the state court action are attached as **Exhibits C-1 to C-4**.

**II.**
**DIVERSITY JURISDICTION**

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and it may be removed to this Court pursuant to 28 U.S.C. § 1441. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  As shown below, both of these requirements are met in this case.

**A.      The Amount in Controversy Exceeds $75,000.**

6.      In the Original Petition, Plaintiff does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332. *See generally* Exhibit C-1. Where, as here, the plaintiff's state court pleading does not state the amount in controversy, the defendant's notice of removal may do so. *Id.* at § 1446(c)(2)(A); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). It is the defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). The defendant does so by: (1) demonstrating that it is "facially apparent" from the plaintiff's state court pleading that the claims are likely above $75,000, or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

7.    In Texas, a Plaintiff who brings a cause of action for discrimination and  retaliation may be entitled to lost wages and benefits, future lost wages and benefits, mental anguish damages, and punitive damages. Here, Plaintiff is seeking compensatory damages, punitive damages, and costs and attorney's fees in excess of the minimum jurisdiction of the Court. *See* Exhibit C-1 at Secs. IX and X.

8.    In the Petition, Plaintiff alleges that Defendant terminated her employment on October 1, 2021. *See id.* at pg. 3. At the time of her termination, Plaintiff was earning an annual gross salary of $72,600. *See* Declaration of Margie Healy in Support of Removal at ¶ 3, attached hereto as **Exhibit D**. Approximately 1 year 10 months have passed between the date of Plaintiff's termination and the date of removal. Thus, at the time of removal, Plaintiff's alleged back pay totals approximately $133,100.00.

9.    Moreover, Plaintiff will continue to accrue back pay damages until the time of trial. Even if this suit proceeds expeditiously and concludes approximately one year after removal, Plaintiff's alleged back pay would total $205,700 by the time of trial. Thus, Plaintiff's alleged back pay alone establishes the amount in controversy.

10.    Nevertheless, the back pay sought is in addition to compensatory damages, punitive damages, and attorney's fees. Federal courts in Texas have frequently determined that suits under similar circumstances wherein a plaintiff seeks damages such as back pay, compensatory damages, punitive damages, and attorney's fees are removable because it is "facially apparent" that claims for these damages may exceed $75,000, even if the amount in controversy is not specified by the plaintiff's petition. *See Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916,921 (W.D. Tex. 2005) (holding it was facially apparent that claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorney

fees, even though the petition did not state the amount plaintiff sought); *Thomas v. Speedfam-Ipec Corp.*, 3:02-cv-01054, 2003 U.S. Dist. LEXIS 11002, *4 (N.D. Tex. June 19, 2003) (holding that it was facially apparent that the amount in controversy exceeded the jurisdictional limit when plaintiff sued for reinstatement, lost earnings, compensatory damages and punitive damages).

11.     While Defendant altogether denies Plaintiff's allegations and entitlement to the relief sought by way of this lawsuit, it is both facially apparent from the face of the Petition, as well as by the facts set forth in this Notice of Removal, that the amount in controversy, exclusive of interest and costs, has been established in this case as required by 28 U.S.C. § 1332(a).

**B.      Complete Diversity of Citizenship Exists Between the Parties.**

12.     The second requirement for removal is also established because there is complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

13.     Plaintiff claims she is a resident of Harris County, Texas.  *See* Exhibit C-1 at Sec I. An individual is a citizen of the state in which he or she is domiciled.  Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

14.     At the time of filing of Plaintiff's Original Petition and at the time of removal, Defendant was and is a citizen of states other than Texas. Specifically, Defendant Willis Towers Watson US LLC is limited liability corporation.  The sole member of the LLC is Towers Watson Delaware Holdings LLC.  *See* Declaration of Elaine Wiggins in Support of Removal at ¶ 3, attached hereto as **Exhibit E**. The sole member of Towers Watson Delaware Holdings LLC is WTW Delaware Holdings LLC. *Id.* at ¶ 4. The sole member of WTW Delaware Holdings LLC is Willis US Holdings Company, LLC. *Id.* at ¶ 5.  The sole member of Willis US Holdings Company, LLC is Willis North America Inc. *Id.* at ¶ 6. Willis North America Inc. is a corporation organized

under the laws of the State of Delaware, and its principal place of business is New York, New York. *Id.* at ¶ 7.

15.     At the time of removal, Defendant was and is a citizen of a state other than Texas. Defendant Willis Towers Watson US LLC is limited liability corporation. A limited liability company is a citizen of every state in which its members have citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." (quotation marks and citation omitted)). As detailed above, the ultimate sole member of Willis Towers Watson US LLC is Willis North America Inc., a corporation organized under the laws of the State of Delaware, and its principal place of business is New York, New York. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business.

16.     Defendant is a citizen of New York and Delaware for diversity purposes.  It is not a citizen of Texas because it is neither incorporated in Texas, nor is its principal place of business located in Texas.  *See id.*

17.     In sum, Plaintiff is a citizen of Texas and Defendant is not.  Complete diversity of citizenship exists between Plaintiff and Defendant.

## III.
## PROCEDURAL PREREQUISITES

18.     Venue is proper because the Southern District of Texas, Houston Division, is the federal district and division that encompasses the action pending in the 80th Judicial District Court of Harris County, Texas.  *See* 28 U.S.C. § 124(b)(2), § 1441(a).  Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Original Petition from which it was first ascertainable that the case was removable to federal court.  Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

19.     As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed with the Clerk of the 80th Judicial District Court, Harris County, Texas and served on Plaintiff.  A true and correct copy of the Notice to State Court of Filing of Notice of Removal (without exhibits), filed with the 80th District Court, is attached hereto as **Exhibit A**.

20.     By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## CONCLUSION

This Court is vested with original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse.  Thus, removal of this action is proper.  Accordingly, Defendant respectfully requests that this Court assume jurisdiction over this action and proceed with handling this action as if it was filed initially in the United States District Court for the Southern District of Texas, Houston Division.

Dated: August 9, 2023                                    Respectfully submitted,

*Of Counsel:*                                            /s/ *Jeremy W. Hawpe*
Urvashi Morolia                                          Jeremy W. Hawpe (Attorney-in-Charge)
Texas Bar No. 24096083                                  Texas Bar No. 24046041
Federal ID No. 3436021                                  Federal ID No. 594114
umorolia@littler.com                                    jhawpe@littler.com
LITTLER MENDELSON, P.C.                                  LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900                        2001 Ross Avenue
Houston, Texas 77010                                    Suite 1500, Lock Box 116
Telephone: 713.951.9400                                 Dallas, Texas 75201.2931
Facsimile:  713.951.9212                                Telephone: 214.880.8100
                                                        Facsimile:  214.880.0181

                                                        **ATTORNEYS FOR DEFENDANT
                                                        WILLIS TOWERS WATSON US, LLC**

### CERTIFICATE OF SERVICE

I certify that on August 9, 2023, a true and correct copy of the foregoing document was duly served via ECF, email, and certified mail, return receipt requested as follows:

Peter Costea
Law Office of Peter Costea
4544 Post Oak Place, Suite 350
Houston, Texas 77027
Tel. 713-337-4304
Fax 713-237-0401
peter@costealaw.com
CERTIFIED MAIL # 7019 0140 0000 3890 3889

ATTORNEY FOR PLAINTIFF AMY LOWERY

                                                        /s/ *Jeremy W. Hawpe*
                                                        Jeremy W. Hawpe

7